B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT<br>Southern District of New York | **VOLUNTARY PETITION** |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Marco Polo Seatrade B.V. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>See Rider 1 | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>5584 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>Delflandlaan 1, 12HG Floor B<br>Amsterdam, the Netherlands<br>ZIP CODE 1062EA | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [x] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

Dutch B.V.

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other
Shipping Company

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**     THIS SPACE IS FOR COURT USE ONLY
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Marco Polo Seatrade B.V. |
|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: See Rider 2 | Case Number: | Date Filed: |
| District: Southern District of New York | Relationship: | Judge: |

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)    (Date)

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Marco Polo Seatrade B.V. |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney***<br><br>X **/s/ Robert G. Burns**<br>Signature of Attorney for Debtor(s)<br>**Robert G. Burns**<br>Printed Name of Attorney for Debtor(s)<br>**Bracewell & Giuliani LLP**<br>Firm Name<br>**1251 Avenue of the Americas, 49th Floor**<br>**New York, NY 10020-1104**<br>Address<br>**212.508.6100**<br>Telephone Number<br>**07/29/2011**<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X **/s/ Barry Michel Cerneus**<br>Signature of Authorized Individual<br>**Barry Michel Cerneus**<br>Printed Name of Authorized Individual<br>**Authorized Signatory**<br>Title of Authorized Individual<br>**07/29/2001**<br>Date | |

## Rider 1

None.

# Rider 2

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively the "*Debtors*") filed a petition in this court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Marco Polo Seatrade B.V.

1. Marco Polo Seatrade B.V.
2. Seaarland Shipping Management B.V.
3. Magellano Marine C.V.
4. Cargoship Maritime B.V.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>MARCO POLO SEATRADE B.V., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-_____ (____)<br><br>(Joint Administration Requested) |
|---|---|

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING THE TOP 20 LARGEST UNSECURED CLAIMS**

The above-captioned debtors. and debtors in possession (collectively, the "***Debtors***") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States, Code. The following is the consolidated list of the Debtors' creditors holding the 20 largest unsecured claims (the "***Consolidated List***") based on the Debtors' books and records as of approximately July 29, 2011. The Consolidated List is prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

## TO COME

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's identification number, include: Marco Polo Seatrade B.V. (5584); Seaarland Shipping Management B.V. (0110); Magellano Marine C.V. (2910); and Cargoship Maritime B.V. (4361). The Debtors' service address is: Bracewell & Giuliani, LLP, 1251 Avenue of the Americas, 49th Floor, New York, NY 10020, Attn: Robert G. Burns.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

Marco Polo Seatrade B.V.,

    Debtor.

Chapter 11

Case No. 11-_____ (___)

## LIST OF EQUITY SECURITY HOLDERS

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Marco Polo Seatrade B.V. | Falm International Holding B.V. | Delflandlaan 1, 12HG Floor B (1062EA) Amsterdam, the Netherlands | 100% |

## DECLARATION UNDER PENALTY OF PERJURY[2]

I, Barry Michel Cerneus, the undersigned authorized signatory of Marco Polo Seatrade B.V., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: New York, New York
July 29, 2011

                                                /s/ *Barry Michel Cerneus*
                                                Barry Michel Cerneus
                                                Authorized Signatory

---

[2] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions are based on information and belief as of the filing date.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

Marco Polo Seatrade B.V.,

    Debtor.

Chapter 11

Case No. 11-_____ (____)

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| 1. Falm Investments S.a.r.l. | 100% (indirect through 2.) |
| 2. Falm International Holding B.V. | 100% (direct) |

I, Barry Michel Cerneus, the undersigned authorized signatory of Marco Polo Seatrade B.V., the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: New York, New York
July 29, 2011

                                               /s/*Barry Michel Cerneus*
                                               Barry Michel Cerneus
                                               Authorized Signatory

WRITTEN RESOLUTIONS OF
THE GENERAL MEETING OF SHAREHOLDERS OF
MARCO POLO SEATRADE B.V.

July 29, 2011

The undersigned, constituting the general meeting of shareholders (the "General Meeting") of Marco Polo Seatrade B.V., a private limited liability company (*besloten vennootschap met beperkte aansprakelijkheid*) incorporated under Dutch law, having its official seat (*statutaire zetel*) in Amsterdam, the Netherlands and having its registered office address at Delflandlaan 1, 12HG Floor B (1062EA) Amsterdam, the Netherlands registered with the trade register of the chamber of commerce under number 34225584 (the "Company") and acting in its capacity as sole shareholder (the "Shareholder");

WHEREAS:

(A) The Shareholder is the sole owner of the entire issued and outstanding share capital of the Company.

(B) No depository receipts for shares in the Company have been issued with the Company's concurrence and there are no persons to whom the law attributes the rights accruing to holders of depository receipts issued with the Company's concurrence.

(C) Pursuant to the Company's articles of association, the General Meeting may adopt resolutions without convening a general meeting of shareholders, provided that they are adopted unanimously and in writing.

(D) The General Meeting has reviewed and noted the contents of (a) the attached draft written resolutions of the board of managing directors (the "Board") of the Company (the "Board Resolutions") regarding the filing of a petition for relief and commence a case (the "Chapter 11 Case") under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and (b) any power of attorney granted by the Company in connection with the resolutions contained in the Board Resolutions.

(E) There is or may be a conflict of interest within the meaning of Section 2:256 of the Dutch Civil Code between the Company and a member of the Board in respect of resolutions contained in the Board Resolutions (or the granting of a power of attorney on behalf of the Company in respect thereof) or the entering into or the performance of the transactions contemplated thereby.

HEREBY RESOLVES AS FOLLOWS:

1. to approve the Board Resolutions and to approve:

(a) the entering into, execution, delivery and/or performance by the Company of the documents in connection with the resolutions contained in the Board Resolutions and the Chapter 11 Case (the "Documents") and the transactions contemplated thereby upon the terms and conditions as set out in such Documents; and

(b) the ratification and/or confirmation of any Documents already executed, delivered and/or entered into by the Company in connection with the resolutions contained in the Board Resolutions and the transactions contemplated thereby on the date hereof.

2. to the extent that there is or may be a conflict of interest within the meaning of Section 2:256 of the Dutch Civil Code, to appoint:

   (a) each member of the Board acting individually; and/or

   (b) any Authorized Representative (as defined in the Board Resolutions) or any other attorney appointed under any other power of attorney granted by the Company in connection with the execution, delivery, ratification, confirmation and/or (where relevant) performance of the Documents.

3. to act as the Company's representative in respect of the entering into, the execution, delivery and/or performance by the Company of the Documents and the transactions contemplated thereby, which appointment expressly includes the granting of any power of attorney by the Company in connection with the execution, delivery, ratification, confirmation and/or (where relevant) performance of the Documents.

AND HEREBY FINALLY:

4. confirms that each member of the Board has waived its right referred to in Section 2:227 (4) of the Dutch Civil Code in respect of the resolutions adopted hereby.

5. Confirms that at the date hereof the voting rights over the shares in the capital of the Company can not be exercised by any person other than the Shareholder.

IN WITNESS WHEREOF, these written resolutions are signed by the Shareholder and shall have immediate effect.

Falm International Holding B.V.

_____
Name:

# WRITTEN RESOLUTIONS OF
# THE BOARD OF MANAGING DIRECTORS OF
# MARCO POLO SEATRADE B.V.

July 29, 2011

The undersigned, constituting the board of managing directors (the "Board") of Marco Polo Seatrade B.V., a private limited liability company (*besloten vennootschap met beperkte aansprakelijkheid*) incorporated under Dutch law, having its official seat (*statutaire zetel*) in Amsterdam, the Netherlands and having its registered office address at Delflandlaan 1, 12HG Floor B (1062EA) Amsterdam, the Netherlands registered with the trade register of the chamber of commerce under number 34235584 (the "Company"):

WHEREAS:

(A) Partly due to the recent economic crisis, the financial position of the Company has deteriorated, leading to immediate financial difficulties for the Company. In view of this the Company wishes to file a petition for relief and commence a case (the "Chapter 11 Case") under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

(B) The Board has carefully considered all interests which could be relevant for the Company in respect of the resolutions contained herein, taking into account all relevant facts and circumstances and deems it in the best interest of the Company to file the Chapter 11 Case.

(C) The Board has not adopted any board by-laws (*directiereglement*) containing provisions which would preclude the Board from validly adopting the resolutions contained herein.

(D) To the extent that a member of the Board would have a conflict of interest in respect of the resolutions contained herein, each member of the Board, as special mandatory pursuant to the specific authority granted to each member of the Board by the general meeting of shareholders of the Company under written resolutions of the general meeting of shareholders dated on or about the date hereof in respect of the authority vested in it by virtue of Section 2:256 of the Dutch Civil Code, is empowered to represent the Company in respect of the Documents and the transactions contemplated thereby and each member of the Board executes this board resolution (a) in his capacity as member of the Board and (b) in his capacity of such special mandatory.

HEREBY RESOLVES AS FOLLOWS:

1. that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other interested parties that the Company file a petition for relief and commence a case (the "Chapter 11 Case") under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. that each member of the Board, Barry Michel Cerneus, and each other person designated by the Board (each such person being an "Authorized Representative" and all being the "Authorized Representatives") and any of them be, and hereby is, authorized and empowered, in the name and on behalf of the Company to execute and verify a petition to commence the Chapter 11 Case in a court of competent jurisdiction in the United States and to cause the same to be filed in any district and venue as the Authorized Representative executing such petition on behalf of the Company shall determine (the "Power of Attorney").

3. that each of the Authorized Representatives and any of them be, and hereby is, authorized and directed to retain, in the name and on behalf of the Company, (i) the law firm of Bracewell & Giuliani, LLP to render legal services to, and to represent the Company in and in connection with the Chapter 11 Case or any other case under the Bankruptcy Code, (ii) the financial advisory and asset management firm Lazard, to render financial advisory services to the Company in and in connection with the Chapter 11 Case or any other case under the Bankruptcy Code, and any other related matter in connection therewith, on such terms as such Authorized Representatives shall approve, such approval to be evidenced by their retention of such firm.

4. that each of the Authorized Representatives and any of them be, and hereby is, authorized and empowered in the name and on behalf of the Company to execute and file all petitions, statements, schedules, motions, lists, applications, pleadings, plans and other papers in the Chapter 11 Case and, in connection therewith, to employ, retain and obtain assistance from other legal counsel, accountants, financial advisors or other professionals or advisors which they deem necessary, proper or desirable in connection with the Chapter 11 Case.

5. that each of the Authorized Representatives and any of them be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, certify, file and/or record and perform (or to cause the negotiation, execution, delivery, certification, filing and/or recordation and performance on behalf of the Company of) such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and any amendments or supplements thereto, and to take such other action, pay all fees and expenses, and do or cause to be done all such further acts and things as in the discretion of such Authorized Representative appear to be or become necessary, proper or desirable in connection with the Chapter 11 Case or the other matters contemplated by these resolutions; to wind-down operations; to collect assets; to determine and satisfy claims; to effectuate any changes to organizational form, structure, and ownership consistent with the foregoing resolutions; and to carry out and put into effect the purposes of the foregoing resolutions and the actions contemplated by these resolutions; the authority of any of the Authorized Representatives with respect thereto to be evidenced by the taking of such action.

6. that any and all past actions heretofore taken by agents or representatives of the Company in the name, or on behalf, of the Company in furtherance of any of the actions authorized or contemplated by any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed and approved.

7. that each of the Authorized Representatives and any of them be, and hereby is indemnified and to hold harmless from and against any liability he might incur for any steps taken by him in connection with the Power of Attorney.

8. that this appointment also applies to situations where an Authorized Representative also acts as the Company's counterparty (*Selbsteintritt*) or as a representative of the Company's counterparty.

9. that the Power of Attorney expressly includes:

    (a) the authority for each Authorized Representative to delegate its authority thereunder in part or in whole to one or more sub-attorneys by way of a written sub power of attorney (*ondervolmacht*); and
    (b) the authority for each Authorized Representative to cancel or postpone the entering into, execution, delivery, ratification, confirmation and/or performance of any document in connection with the resolutions contained herein.

10. that it undertakes, when so requested, that the Company will ratify and/or confirm whatever any Authorized Representative shall lawfully do or cause to be done pursuant to the powers conferred to such Authorized Representative hereunder.

11. that the Power of Attorney has also been granted for the benefit of other persons which are a party to any document in connection with the resolutions contained herein and shall be irrevocable.

AND, EACH MEMBER OF THE BOARD:

12. confirms that he has waived his rights referred to in Section 2:227 (4) of the Dutch Civil Code in respect of the resolutions of the general meeting of shareholders referred to in recital (D).

IN WITNESS WHEREOF, these written resolutions are signed by each member of the Board and shall have immediate effect.

_____
Name: Antonio Zacchello

_____
Name: Robbert Frassino