Evan D. Flaschen (EF 6973)
Robert G. Burns (RB 0970)
Andrew J. Schoulder (AS 2018)
BRACEWELL & GIULIANI LLP
1251 Avenue of the Americas
New York, New York 10020
Telephone:     (212) 508 6100
Facsimile:     (212) 508 6101

Proposed Counsel for the Debtors and Debtors In Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Marco Polo Seatrade B.V.** | **Case No. 11-13634 (JMP)** |
|      **Debtor.** | |
| **I.D. No. 5584** | |
| **In re:** | **Chapter 11** |
| **Magellano Marine C.V.** | **Case No. 11-13628 (JMP)** |
|      **Debtor.** | |
| **I.D. No. 2910** | |
| **In re:** | **Chapter 11** |
| **Cargoship Maritime B.V.** | **Case No. 11-13630 (JMP)** |
|      **Debtor.** | |
| **I.D. No. 4361** | |
| **In re:** | **Chapter 11** |
| **Seaarland Shipping Management B.V.** | **Case No. 11-13635 (JMP)** |
|      **Debtor.** | |
| **I.D. No. 0110** | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING
## JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES

Marco Polo Seatrade B.V. ("***Marco Polo***") and certain of its affiliates, as debtors and debtors in possession in the above captioned cases (collectively, the "***Debtors***"), hereby submit this motion (the "***Motion***") for entry of an order, substantially in the form attached hereto as **Exhibit A**, directing joint administration of their related chapter 11 cases. In further support of the Motion, the Debtors respectfully state as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper in this Court under 28 U.S.C. § 1408. The statutory basis for the relief requested herein is section 101(2) of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") and rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

### INTRODUCTION

4.      The Debtors operate an international commercial vessel management company that specializes in providing commercial and technical vessel management services to third parties. Founded in 2005, the Debtors mainly operate under the name of Seaarland Shipping Management and maintain their corporate headquarters in Amsterdam, the Netherlands. The Debtors primary assets consist of six tankers that are regularly employed in international trade, and call upon ports worldwide.

**5.** On the date July 29, 2011, each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

**6.** Additional factual background regarding the Debtors, including their current and historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the Declaration of Barry Michel Cerneus (I) in Support of Debtors' Chapter 11 Petitions and First Day Pleadings and (II) Pursuant to Local Bankruptcy Rule 1007-2 (the "*Cerneus Declaration*"), and is incorporated herein by reference.

<u>**RELIEF REQUESTED**</u>

7. By this Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases for procedural purposes only. The Debtors request that this Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Marco Polo, and that these cases be administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **MARCO POLO SEATRADE B.V.,** *et al.,*[1] | **Case No. 11-13634 (JMP)** |
| Debtors. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's identification number, include: Marco Polo Seatrade B.V. (5584); Seaarland Shipping Management B.V. (0110); Magellano Marine C.V. (2910); and Cargoship Maritime B.V. (4361). The Debtors' service address is: Bracewell & Giuliani, LLP, 1251 Avenue of the Americas, 49th Floor, New York, NY 10020, Attn: Robert G. Burns.

8.      The Debtors also request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than Marco Polo, that is substantially similar to the following:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Marco Polo Seatrade B.V.; Magellano Marine C.V.; Cargoshop Maritime B.V.; and Seaarland Shipping Management B.V. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 11-13634 (JMP).

9.      The Debtors also seek authority to file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Office of the United States Trustee for the Southern District of New York (the "*U.S. Trustee*"), on a consolidated basis but intend to track and break out disbursements on a debtor-by-debtor basis.

## BASIS FOR RELIEF

10.      The Debtors consist of four entities and estimate there may be hundreds of creditors and other parties in interest, combined, in these chapter 11 cases. As the Debtors' operate a shipping business that requires its vessels to call upon ports, many of their creditors are stretched across the globe. Joint administration will allow for the efficient and convenient administration of the Debtors' interrelated chapter 11 cases, will yield significant cost savings and will not harm the substantive rights of any party in interest. Rule 1015(b) of the Bankruptcy Rules provides that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." As set forth in the First Day Declaration, the Debtors in these chapter 11 cases are "affiliates" as that term is

defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize this Court to grant the relief requested herein.

11.     Courts routinely, and generally without controversy, approve joint administration of interrelated chapter 11 cases in this jurisdiction. *See*, *e.g.*, *In re Sbarro, Inc.*, Case No. 11-11527-SCC (Bankr. S.D.N.Y. April 5, 2011); *In re MSR Resort Golf Course LLC*, Case No. 11-10372 (Bankr. S.D.N.Y. Feb. 2, 2011); *In re InSight Health Servs. Holdings Corp.*, Case No. 10-16564-AJG (Bankr. S.D.N.Y. Dec. 14, 2010).

12.     As set forth in the First Day Declaration, the Debtors operate as an integrated business with common ownership and control. The Debtors also share a number of financial and operational systems. As a result, many of the motions, hearings and orders that will arise in these cases will affect each and every Debtor. Joint administration of these chapter 11 cases will therefore reduce fees and costs by avoiding duplicative filings, objections and hearings. Joint administration will also allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13.     Furthermore, joint administration will not adversely affect the Debtors' respective constituencies because the Motion requests only administrative, not substantive, consolidation of the Debtors' estates. For instance, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors will be preserved and the Debtors will maintain separate records of assets and liabilities. Parties in interest will therefore not be harmed by the relief requested, but, instead, will benefit from the cost savings associated with the joint administration of these chapter 11 cases.

14.     Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors and all other parties in interest.

## NOTICE

15.     No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases.  The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) the Agents (as defined in the Cerneus Declaration) and their counsel (if known); and (d) the Internal Revenue Service.  The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

16.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and (b) grant such other and further relief as this Court may deem just and proper.

New York, New York
Dated: August 1, 2011

/s/ Robert G. Burns

Robert G. Burns
Andrew J. Schoulder
BRACEWELL & GIULIANI LLP
1251 Avenue of the Americas
New York, New York 10020
Telephone:(212) 508-6100
Facsimile: (212) 508-6101


Evan Flaschen
Evan.Flaschen@bgllp.com
Mark Dendinger
Mark.Dendinger@bgllp.com
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06103
Telephone: (860) 947-9000
Facsimile: (860) 246-3201


Proposed Counsel for the Debtors
and Debtors in Possession