Evan D. Flaschen (EF 6973)
Robert G. Burns (RB 0970)
Andrew J. Schoulder (AS 2018)
BRACEWELL & GIULIANI LLP
1251 Avenue of the Americas
New York, New York 10020
Telephone:     (212) 508 6100
Facsimile:     (212) 508 6101

Proposed Counsel for the Debtors and Debtors In Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**MARCO POLO SEATRADE B.V.,** *et al.*,[1]<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 11-13634 (JMP)**<br><br>**(Joint Administration Requested)** |

**MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 521
AND FED. BANKR. P. 1007(c) EXTENDING TIME TO FILE SCHEDULES OF
ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME
AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS**

Marco Polo Seatrade B.V. and certain of its affiliates, as debtors and debtors in possession (collectively, the "*Debtors*"), file this Motion (the "*Motion*") for entry of an order, substantially in the form of Exhibit A attached hereto, granting the Debtors an extension of the time to file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases and statements of financial affairs (collectively, the "*Schedules and Statements*"). In further support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's identification number, include: Marco Polo Seatrade B.V. (5584); Seaarland Shipping Management B.V. (0110); Magellano Marine C.V. (2910); and Cargoship Maritime B.V. (4361). The Debtors' service address is: Bracewell & Giuliani, LLP, 1251 Avenue of the Americas, 49th Floor, New York, NY 10020, Attn: Robert G. Burns.

## BACKGROUND

1. The Debtors operate an international commercial vessel management company that specializes in providing commercial and technical vessel management services to third parties. Founded in 2005, the Debtors mainly operate under the name of Seaarland Shipping Management and maintain their corporate headquarters in Amsterdam, the Netherlands. The Debtors primary assets consist of six tankers that are regularly employed in international trade, and call upon ports worldwide.

2. On July 29, 2011 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief in the Court under chapter 11, title 11 of the United States Code (the "*Bankruptcy Code*"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their property as debtors in possession. No trustees or examiners have been appointed in these cases.

3. Additional factual background regarding the Debtors, including their current and historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the Declaration of Barry Michel Cerneus (I) in Support of Debtors' Chapter 11 Petitions and First Day Pleadings and (II) Pursuant to Local Bankruptcy Rule 1007-2 (the "*Cerneus Declaration*"), and is incorporated herein by reference.

## JURISDICTION

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

5. The statutory bases for the relief requested herein are sections 105(a) and 521 of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), rules 1007, 2003(a)

and 9006 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "*Local Bankruptcy Rules*").

## RELIEF REQUESTED

6. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors would be required to file the Schedules and Statements within fourteen (14) days after the Petition Date. However, this Court is authorized to extend the filing deadline for cause by Bankruptcy Rules 1007(c) and 9006(b).

7. By the Motion, the Debtors respectfully request that the Court enter an order pursuant to Bankruptcy Rules 1007(c) and 9006(b), extending the 15-day period to file the Schedules and Statements for an additional thirty (30) days, or forty five (45) days from the Petition Date, without prejudice to the Debtors' right to request additional time if necessary.

## BASIS FOR RELIEF

8. As set forth in the Cerneus Declaration, these cases were precipitated by the actions of certain of their senior lenders who sought to arrest half of the Debtors' vessels and swept the Debtors' accounts without any notice. Consequently, the Debtors were forced to file these cases with less than twenty-four hours notice.

9. The scope and complexity of the Debtors' businesses, coupled with the limited time and resources available to the Debtors to gather the required information and prepare and file their respective Schedules and Statements, warrant an extension of the deadline to file the Schedules and Statements. While the Debtors have commenced, and are in the process of, gathering the necessary information, it will be close to impossible to properly and accurately

complete and file the Schedules and Statements within the 14-day period after the Petition Date as provided by Bankruptcy Rule 1007(c).

10. This Court has previously found cause to extend the filing deadline in similar chapter 11 cases for businesses based on their size, complexity and geographic scope. *See, e.g.*, *In re Sbarro*, Case No. 11-11527 (Bankr. S.D.N.Y. April 5, 2011) (granting 30-day extension); *In re Innkeepers USA Trust*, Case No. 10-13800 (Bankr. S.D.N.Y. July 20, 2010) (granting 30-day extension); *In re Young Broadcasting Inc.*, Case No. 09-10645 (Bankr. S.D.N.Y. February 17, 2009) (granting 30 day extension); *In re Frontier Airlines Holdings, Inc.*, Case No. 08-11298 (Bankr. S.D.N.Y. June 18, 2008) (granting 60 day extension).

11. Similar to the debtors in the cases cited above, the Debtors require additional time to prepare and file their Schedules and Statements. The Debtors, together with their non-debtor affiliates, operate an integrated global business network. The vast amount of information, the limited staff available to perform the required internal review of their financial records and affairs, the extensive crucial operational matters that the Debtors' accounting and legal personnel must address in the early days of these chapter 11 cases and the pressure associated with the commencement of these chapter 11 cases provide good and sufficient cause justifying a thirty (30) day extension of the deadline to file the Schedules and Statements.

12. The Debtors submit that focusing the attention of their key accounting and legal personnel on critical operational and chapter 11 compliance issues during the early days of these chapter 11 cases will assist the Debtors to make a smoother transition into chapter 11 and, therefore, will maximize the value of their estates for the benefit of creditors and all parties in interest. For the foregoing reasons, it is in the best interests of the Debtors and their creditors to obtain a thirty (30) day extension of the filing deadline set forth under Bankruptcy Rule 1007-

1(c), which would provide the Debtors with a total of thirty (45) days from the Petition Date to file the Schedules and Statements.

## NOTICE

13. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) the Agents and their counsel (if known); and (d) the Internal Revenue Service. The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

14. No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

WHEREFORE, for the reasons set forth herein and in the Cerneus Declaration, the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and (b) grant such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| New York, New York<br>Dated: August 1, 2011 | /s/ Robert G. Burns<br>Robert G. Burns<br>Robert.Burns@bgllp.com<br>Andrew J. Schoulder<br>Andrew.Schoulder@bgllp.com<br>BRACEWELL & GIULIANI LLP<br>1251 Avenue of the Americas<br>Telephone:(212) 508-6100<br>Facsimile: (212) 508-6101<br><br>Evan D. Flaschen<br>Evan.Flaschen@bgllp.com<br>Mark E. Dendinger<br>Mark.Dendinger@bgllp.com<br>Telephone: (860) 947-9000<br>Facsimile: (860) 246-3201<br><br>Proposed Counsel for the Debtors<br>and Debtors in Possession |